THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | |
| v. | : | Case No. 3:24-cr-72 |
| KEONTAE BROWN,<br>Defendant. | : | Judge Walter H. Rice |

ORDER OVERRULING MOTION TO CORRECT SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (DOC. #36) AND MOTION TO CORRECT UNREASONABLE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (DOC. #37) OF DEFENDANT KEONTAE BROWN

Before the Court are Defendant Keontae Brown's Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (First Motion, Doc. #36) and Motion to Correct Unreasonable Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Second Motion, Doc. #37). On September 9, 2025, Defendant was sentenced to 108 months imprisonment after being convicted of one count of Possession With Intent to Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable amount of Fentanyl. (Judgment, Doc. #33, PAGEID 197-98, citing21 U.S.C § 841(a)(1),(b)(1)(B)). Defendant is thirty-three years old with a present release date of April 1, 2032.[1]

In the First Motion, Defendant argues that United States Sentencing Guidelines ("Guidelines") "Amendment 829 specifically prohibits the additional

[1] https://www.bop.gov/inmateloc/ (last accessed Aug. 19, 2026).

[criminal history] status point due to being on a term of supervision" when he committed the convicted offense. (Doc. #36, PAGEID 291). Amendment 829, while it was effective, amended Guideline § 5H1.1 to allow for a potential downward departure from the Guideline range due to a defendant's young age at the time of the offense. *See, e.g., United States v. John*, No. 21-cr-134, 2024 WL 5155627, *3 (S.D.N.Y. Dec. 18, 2024), citing U.S. SENT'G GUIDELINE § 5H1.1. As Defendant was at least thirty-one years old at the time of his criminal conduct (Indictment, Doc. #2, PAGEID 6 (Defendant committed conduct on or about August 20, 2024)), an age-related downward departure pursuant to Amendment 829 would not have been appropriate.

Therefore, the undersigned construes the First Motion liberally as seeking a corrected sentence pursuant to Guidelines Amendment 821, which reduced the number of status points added to a defendant's criminal history due to committing the offense "while under a criminal justice sentence." *John*, 2024 WL 5155627, *2, citing U.S. SENT'G GUIDELINE § 4A1.1(e). Amendment 821 did not, as Defendant claims, prohibit the addition of status points; rather, it reduced the number of status points for a defendant who "1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including . . . supervised release[.]" U.S. SENT'G GUIDELINE §§ 4A1.1(e). Defendant does not dispute, for purposes of the First Motion, that the United States Probation Office ("USPO") properly calculated his base criminal history as thirteen points (Presentence Investigation Report, Doc.

#28, PAGEID 126); or that he committed the criminal conduct while on supervised release. Thus, the addition of one status point under Guideline § 4A1.1(e) (*id.*) was proper, the criminal history category of VI and the Guideline range were properly calculated, and the First Motion is overruled.

In the Second Motion, Defendant argues that his state court convictions cannot contribute to his criminal history calculation "because the state statutory language is overbroad[.]" (Doc. #37, PAGEID 294, citing *United States v. Mathis*, 579 U.S. 500 (2016)). In *Mathis*, the Supreme Court held that, under the modified categorical approach, Iowa's burglary statute was overbroad and, consequently, a conviction under that statute could not be counted as a predicate offense for determining career offender status under the Armed Career Criminal Act of 1984 ("ACCA"). 579 U.S. at 503, 520, citing 18 U.S.C. § 924(e). However, Defendant was not sentenced as a career offender, and he does not identify which, if any, of the Ohio statutes under which he was previously convicted have been invalidated as ACCA predicates post-*Mathis*.

Defendant further argues that his previous conviction in violation of 18 U.S.C. § 922(g) is void because the plea agreement in that case turned a necessary element, "affecting interstate commerce," into a mandatory inference, in violation of *Tot v. United States*. (Doc. #37, PAGEID 294-95, citing18 U.S.C. § 922(g); *Tot*, 319 U.S. 463 (1943)). Defendant further claims that Congress, in enacting 18 U.S.C. § 922(g), operated in excess of its power under the Commerce Clause. (*Id.* at PAGEID 295, citing *United States v. Lopez*, 514 U.S. 549 (1995)). Irrespective of

the merits of Defendant's arguments, a motion under 18 U.S.C. § 3582(c)(2) is not the proper vehicle to challenge the validity of a conviction in a previous case; nor may Defendant raise a facial constitutional challenge to the operative statute from that previous case. As Defendant raises no colorable argument in the Second Motion, the Court must overrule that motion as well.

For the foregoing reasons, Defendant's First Motion (Doc. #36) and Second Motion (Doc. #37) to Correct Sentence Pursuant to 18 U.S.C. § 3582(c)(2) are OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

Walter H. Rice

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

August 19, 2026